Donald J. Churnside, OSB #791876
Megan I. Livermore, OSB #054789
GAYDOS, CHURNSIDE & BALTHROP, P.C.
Attorneys at Law
440 East Broadway, Suite 300
Eugene OR 97401
Telephone: (541) 343-8060
Facsimile: (541) 343-1599
Email: don@oregonlegalteam.com
Attorneys for Curtis Restaurant Equipment, Inc., Defendant

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Berjac of Oregon,<br><br>      Debtor(s). | Chapter 11<br><br>No.: 12-63884-tmr11 |
| Thomas A. Huntsberger,<br><br>      Plaintiff,<br><br>v.<br><br>Curtis Restaurant Equipment, Inc.<br><br>      Defendant. | Adversary Proceeding Case No. 12-06189-tmr<br><br>MOTION FOR SANCTIONS<br>PURSUANT TO BR 9011 |

This motion was served upon Plaintiff's counsel not less than 21 days prior to the date of filing.

Pursuant to Bankruptcy Rule 9011, Defendant hereby moves for an order granting sanctions in favor of Defendant and against Plaintiff, for Plaintiff's failure to withdraw Plaintiff's allegations seeking recovery based upon the federal and state fraudulent transfer statutes seeking

1 – MOTION FOR SANCTIONS
00088735.000

to invalidate a deed of trust and lien created by such deed of trust. To the extent such deed of trust did not secure a contemporaneous exchange, the deed of trust was pledged to secure an antecedent debt. Both in §54(d)(2)(A) of the Bankruptcy Code and ORS 95.220 there is an express exception for the granting of a lien securing an antecedent debt. The transfer of the security interest to Defendant to secure the antecedent debt is a frivolous allegation and should be stricken. Defendant should be awarded its reasonable attorney's fees in defending against such claim.

Pursuant to Bankruptcy Rule 9011, Defendant hereby moves for an order granting sanctions in favor of Defendant and against Plaintiff, for Plaintiff's failure to withdraw Plaintiff's allegations seeking recovery against Defendant as an insider of Debtor, based upon 11 USC §547. As supported by the Affidavit of William F. Kottas filed herewith, there is no evidentiary support for such allegations, and no further discovery or investigation will lead to any evidentiary support. Such allegations against Defendant are frivolous. Defendant should be awarded its reasonable attorney's fees in defending against such claims.

## POINTS AND AUTHORITIES

BR 9011(c) empowers the court to impose sanctions upon a showing that BR 9011(b) has been violated. There is no support for Plaintiff's claim to set aside the trust deed granted in favor of Defendant securing the antecedent debt. It is contrary to the express language of the statute.

In the present case, there is no support for any claim that Defendant is an insider of Debtor. 11 USC §101(31) defines an insider. Plaintiff's complaint does not allege which type of entity Debtor purports to be. If the Debtor is a corporation, an insider is defined as a director, officer, person in control, partnership in which the Debtor is a general partner, general partner of the Debtor, or a relative of any such individuals. If the Debtor is a partnership, an insider is a

general partner in the Debtor, a relative of a general partner or person in control, a partnership in which the partnership is a general partner, a general partner of the Debtor, or person in control of the Debtor.

Although the law does acknowledge an expanded definition of insider, there must be facts supporting those allegations. In *Friedman v. Shirley Plotsky Brokers, Inc.*, 126 B.R. 63 (1991), the court considered the expanded possibility of insider status. The court concludes that in certain situations the parties' relationship compels a conclusion that the parties' affinity prevails over ordinary course business dealings. There are no facts in the present case that compel that conclusion, and no suggestion that the transactions alleged by Plaintiff are other than ordinary course transactions between Plaintiff and Defendant. As established by the Affidavit of Williams F. Kottas, the chief financial officer of Defendant, there are no factual grounds for asserting any connection between Debtor and Defendant which would establish Defendant as an insider of Debtor.

BR 9011 requires that this motion be served upon Plaintiff not less than 21 days prior to the filing, to allow Plaintiff an opportunity to withdraw or appropriately correct such allegations. This motion has been properly served on Plaintiff, and Plaintiff has failed to correct such allegation. Defendant should be awarded its reasonable attorney's fees in pursuing this motion and seeking to eliminate this frivolous claim.

DATED this 2nd day of August, 2013.

> GAYDOS, CHURNSIDE & BALTHROP, P.C.
>
> By: _____/s/ Donald J. Churnside_____
> Donald J. Churnside, OSB #791876
> e-mail: don@oregonlegalteam.com
> Megan I. Livermore, OSB #054789
> e-mail: megan@oregonlegalteam.com
> Attorneys for Curtis Restaurant Equipment, Inc.

## CERTIFICATE OF SERVICE

Defendant Curtis Restaurant Equipment, Inc. hereby certifies that the MOTION FOR SANCTIONS was served on the parties listed below by U.S. Mail or ECF, as noted, on August 2, 2013:

<u>U.S. Mail</u>

| | |
|---|---|
| Plaintiff | Thomas A. Huntsberger<br>c/o Thomas A. Gerber and Daniel F. McNeil<br>Bullivant Houser Bailey PC<br>300 Pioneer Tower<br>888 SW Fifth Avenue<br>Portland, OR 97204-2089 |
| Debtor | Berjac of Oregon<br>c/o Keith Y. Boyd<br>724 S. Central Ave., #106<br>Medford, OR 97501 |
| US Trustee | US Trustee<br>405 E. 8th Ave., #1100<br>Eugene, OR 97401-2706 |

GAYDOS, CHURNSIDE & BALTHROP, P.C.

Dated: __August 2__, 2013    By: __/s/ Donald J. Churnside__
         Donald J. Churnside, OSB 791876
         Megan I. Livermore, OSB No. 054789
         Of Attorneys for Curtis Restaurant Equipment, Inc.

GAYDOS, CHURNSIDE & BALTHROP, P.C.
Attorneys at Law
440 E. Broadway, Suite 300
Eugene, Oregon 97401
(541) 343-8060 • Fax (541) 343-1599